M. M. THORPE V. STATE.

No. 26,304.   March 11, 1953.
Appellant's Motion for Rehearing Denied (Without Written Opinion) April 29, 1953.

*Yelderman & Martin,* by *Wm. Yelderman,* Austin, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is seriously threatening to take the life of another, as denounced by Article 1265, Penal Code; the punishment, a fine of $100.00.

The trouble between the appellant and the injured party seems to have its origin in an election for the office of constable.

Jackson, the injured party, testified that he met the appellant on the way to town on the morning in question, that he admonished the appellant about being a poor sport in refusing to speak to him, and at the same time instructed appellant to tell his deputy Hamilton not to mention his (Jackson's) name in any further political discussion.

Jackson testified that later in the morning, in going to a cafe across from the courthouse for coffee, he passed deputy Hamilton, who said he wanted to see the witness. Jackson stated that he invited Hamilton to join him for some coffee; that Hamilton did not respond to the invitation, but after he was seated in the cafe Hamilton did come to his table and notified him that he was going to whip him when he came outside; that as he arose from the table Hamilton hit him with his handcuffs and then continued to beat him with his fists.

Jackson testified that the appellant rushed in and grabbed him by the shirt, and Hamilton continued to hit and curse him while appellant held him. The witness stated that at no time did he endeavor to hit Hamilton or appellant, but merely tried to protect his face. The witness stated that he broke loose from appellant and went to another part of the cafe and that appellant followed him, shook his finger in his face, and told him, "You will be a dead man when you come out of here."

The witness stated that appellant was wearing a sport shirt hanging loose out of his trousers and that he did not see what appeared to be a pistol in appellant's belt until some time later. The witness stated further that after the threat, appellant and Hamilton left the cafe, and he remained therein until a deputy sheriff came in the cafe, who at his request escorted him to the office of the justice of the peace. Jackson stated that when he left the cafe in company with the officer appellant was standing across the street from the entrance to the cafe.

Mark Batterson, a newspaper reporter who was in the cafe at the time, gave the same version of what transpired therein as had the injured party. According to Batterson, appellant said, "You will be a dead man if you step outside." The witness went with appellant and the deputy sheriff to the courthouse

and stated that the appellant was across the street facing the cafe when they came out.

Appellant's attorney, who had also been a witness to the assault, was called by the state and gave substantially the same testimony as the other witnesses, but stated that he did not hear the threat. He testified that when the deputy sheriff came to the cafe he asked the injured party if he wanted to file a complaint, and Jackson answered that he did but that he was afraid to go to the courthouse because the appellant was standing over there and had threatened him.

The witness Graham also testified about the threat made by the appellant.

Appellant, testifying in his own behalf, denied that he was armed and denied the making of the threat.

The jury resolved the issue of the threat against the appellant, and we find the evidence sufficient to support their verdict.

To us, it was immaterial whether the appellant was armed at the time of the making of the threat. We feel that the jury was authorized to conclude from the fact that appellant was waiting outside the cafe that he made the threat seriously and would have carried out the same had it not been for the presence of the deputy sheriff.

The judgment of the trial court is affirmed.